IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,238-01




EX PARTE JOVELL WALLACE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 02-11-6717 IN THE 24TH DISTRICT COURT
FROM JACKSON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance in a drug free zone and sentenced to fifteen years’ imprisonment. The
Thirteenth Court of Appeals affirmed his conviction. Wallace v. State, No. 13-03-436-CR (Tex.
App.–Corpus Christi, July 28, 2005).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she failed to investigate. Applicant alleges that had counsel investigated, she would have discovered
that the offense occurred nowhere near a school or other such property and therefore the drug free
zone allegation was improper. There is no response from the State nor from trial counsel in the
record sent to this Court.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant’s trial counsel regarding his claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings as to whether counsel properly investigated the allegation
of a drug free zone in Applicant’s case. The trial court shall make findings of fact as to whether the
performance of Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 25, 2010
Do not publish